NO. 07-05-0220-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 30, 2006

______________________________

DANA JANENE MCCARTY,

Appellant

V.

THE STATE OF TEXAS,

Appellee

_________________________________

FROM THE 154
TH
 DISTRICT COURT OF LAMB COUNTY;

NO. 2946; HONORABLE FELIX KLEIN, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Concurrence

I concur in the opinion of Justice Hancock for the following reasons.  

The record belies the appellant’s argument that the strategy of his trial counsel was founded upon a misunderstanding of the law of parties.  His trial counsel may have argued that a party allegation had to be included in the indictment.  Yet, it is clear that he also considered appellant’s responsibility as a party while defending her.  This is borne out by various queries and comments during trial such as 1) “[d]o you think [appellant] forced Theresa to have sex with anybody,” 2) “[d]id [appellant] ever tell you that she told Theresa to have sex with James,” 3) “so [appellant] didn’t ask you to do anything with James,” 4) “[d]id she ever tell you [
i.e.
 Theresa] you had to have sex with James,” 5) “[d]id [appellant] ever tell you [
i.e.
 Theresa] you really need to because I [
i.e.
 appellant] wants you to,” 6) “[d]id [James] tell you that [appellant] wanted him to ask you that,” 7) “[a]nd I think you said James tried to talk you into doing it again,” 8) “[a]nd again, I think you said [appellant] told you that she didn’t want to ask you that or get involved in that in any way, right,” 9) “. . . if there was one person that was telling everybody else what to do, who was that person,” 10) “[d]id [Theresa] tell you that [appellant] held her while James had sex with her,” 11) “[Theresa] didn’t say that [appellant] held her,” 12) “[d]id [Theresa] tell you that [appellant] talked her into having sex with James,” and 13) “[d]o you [
i.e.
 appellant] remember telling Theresa that she didn’t have to do it.”  Each of the foregoing addressed appellant’s involvement in the assault not as the primary actor but as someone who aided another, 
i.e.
 as a party.  

And, that defense counsel’s trial strategy also included an attack upon appellant’s status as a party is further exemplified by his closing argument.  There, he summarized the nature of the testimony given by each witness.  While doing so, he made comments like “[t]hat’s not 
aiding and soliciting
 on the part of [appellant] that’s James in control . . . ,” “she didn’t
 encourage
 it, she didn’t 
solicit
 it and she didn’t
 aid
 it . . . ,” “[d]oes that sound like someone who’s
 aiding
 . . . ,” and “[h]ow could she have
 aided
 . . . .”  (Emphasis added).  The italicized words are remarkably similar if not identical to those used by the legislature in explaining when one becomes culpable as a party to an offense.  
See 
Tex. Penal Code Ann
.
 §7.02(a)(2) (Vernon 2003) (describing a party to an offense as one who “acting with intent to promote or assist the commission of the offense, solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense”).  

In sum, the test for assessing whether an accused was denied effective assistance of counsel requires us to look at all of counsel’s actions, not just snippets.  
Thompson v. State, 
9 S.W.3d 808, 813 (Tex. Crim. App. 1999).   Here, appellant focused only upon a snippet.  In her effort to impugn trial counsel’s efforts, she said nothing of the ubiquitous evidence thoroughly illustrating that counsel both knew about the law of parties and pursued a defensive strategy with it in mind.  Given this, I reject the assertion regarding counsel’s supposed ineffectiveness.  So too would I overrule appellant’s sole issue and affirm the judgment. 

Brian Quinn

          Chief Justice

Do not publish.